IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2051-BO

| | | |
|---|---|---|
| ROSCOE LEON CRAIG, III, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGE SNYDER, | ) | |
| Respondent. | ) | |

Roscoe Leon Craig, III, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Before the court is respondent's motion to dismiss to which petitioner timely responded. The matter is ripe for determination.

Petitioner was tried by jury in the Superior Court of the District of Columbia and convicted of carrying a pistol without a license. (Pet. # 3) Petitioner was acquitted of the first degree murder charge. (Pet. # 9) On July 9, 2004, A sentence of ten years' imprisonment was imposed from which he has since been released. (Pet. # 4 ) He was also given a team of three years supervised release. (Id.) Respondent concedes petitioner appears to have exhausted his direct appeal to the D.C. Court of Appeals and also filed a motion to vacate his conviction pursuant to D.C. Code Ann. § 23-110 in the D.C. Superior Court. (Mot. to Dismiss, p.1)

Petitioner attacks the judgment of the Superior Court of the District of Columbia. (Pet. #9) Respondent's argue this petition is a successive motion and may only be brought in the D.C. Superior Court under D.C. Code Ann. § 23-110, in absence of a showing that his remedy there is inadequate or ineffective. See D.C. Code Ann. § 23-110(g) ("An application for writ of habeas corpus . . . shall not be entertained by the Superior Court or by any Federal ir State court if it

appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); see also Swain v. Pressley, 430 U.S. 372 (1977). To support this argument respondent cites to Williams v. Martinez, 559 F. Supp. 2d 56, 57-58 (D.D.C. 2008) (Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110). However, since that time the United States Court of Appeals, District of Columbia Circuit has reversed and remanded Williams. Williams v. Maritinez, 586 F.3d 995 (D.C. Cir. Nov. 13, 2009).

Accordingly, respondent's motion to dismiss is DENIED. Prior to proceeding, however, petitioner appears to have been released from incarceration for a period of time, but may have been reincarcerated. He appears to have failed to provide the court with any forwarding address. Craig is directed to show cause not later than July 23, 2010, why the action should not be dismissed for failure to prosecute. Local Civil Rule 83.3, EDNC. If Craig fails to respond to this order, the action shall be dismissed without prejudice. If Craig does respond, respondent's are ALLOWED to file additional dispositive motions within 20 day of Craig's response to continue the suit.

SO ORDERED, this 9 day of July 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:09-hc-02051-BO   Document 10   Filed 07/12/10   Page 2 of 2