IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2051-BO

| | |
|---|---|
| ROSCOE LEON CRAIG, III, ) <br> Petitioner, ) <br>  ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> GEORGE SNYDER, ) <br> Respondent. ) | **O R D E R** |

Before the Court are Respondent's renewed Motions to Dismiss [DE 12, 20]. By way of the instant Motions, Respondent seeks dismissal of Petitioner Roscoe Leon Craig, III's Petition for Writ of Habeas Corpus [DE 1]. As is discussed below, this Court lacks jurisdiction to adjudicate the Petition. Respondent's Motions are, therefore, GRANTED, and the Petition is hereby DISMISSED WITH PREJUDICE.

## BACKGROUND

### I.

On April 4, 2009, Roscoe Leon Craig, III filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] in this Court. Craig attacks his 2004 District of Columbia Superior Court conviction for carrying a pistol without a proper permit in a gun free zone (Pet. at ¶ 9.)

On October 16, 2009, Respondent filed a Motion to Dismiss [DE 6] which this Court denied by a written Order [DE 10] on July 9, 2010. The Court's July 9, 2010 Order based the denial of Respondent's Motion on the case of *Williams v. Martinez (Williams II)*, 586 F.3d 995 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2073 (2010). *Williams II* reversed, while the Respondent's Motion to

Dismiss awaited adjudication, the primary case[1] cited in support of Respondent's Motion.

On August 11, 2010, Respondent filed a renewed Motion to Dismiss [DE 12] in which he requested leave to file a more thorough dispositive motion given the intervening change in *Williams I*'s precedential value. On February 14, 2011, the Court granted Respondent leave to prepare a more thorough dispositive motion on the merits in light of *Williams II* [DE 18]. On March 4, 2011, Respondent filed a renewed Motion to Dismiss the Petition [DE 20]. The renewed Motion to Dismiss [DE 20] and Respondent's prior Motion to Dismiss [DE 12] are presently before the Court and both are ripe for adjudication.[2]

A.  THE PARTIES' ARGUMENTS

Citing the doctrines announced in *Wilson v. United States*, 198 F.2d 299 (D.C. Cir. 1952) and *Dandridge v. United States*, 265 F.2d 349 (D.C. Cir. 1959), Petitioner contends he is innocent of carrying a firearm without a permit as a matter of law. Petitioner alleges that *Wilson* and *Dandridge* preclude a finding of guilt where a defendant is charged with carrying a pistol without a license (1) if the defendant acts in self-defense and (2) if the defendant did not possess the pistol for more than

---

[1] The case cited by Respondent was *Williams v. Martinez* (*Williams I*), 559 F. Supp. 2d 56 (D.D.C. Jun. 18 2008).

[2] On February 14, 2011, the Court allowed Respondent's request to supplement the briefs on the pending Motion to Dismiss. On February 23, 2011, Petitioner sent a letter to the Court, reaffirming his requests for habeas relief [DE 19]. Although Petitioner's February 23, 2011 letter predates Respondent's supplemental filing [DE 20], the Court construes Petitioner's letter [DE 19] as a Response to Respondent's Renewed Motions To Dismiss. To be sure, Petitioner's Response was procedurally premature as it was filed before Respondent's supplemental materials. But as a matter of substance, Petitioner's letter does in fact address Respondent's attacks on the Petition. Moreover, Petitioner filed no other materials other than his February 23 letter within the time frame for supplementation set by the Court. Thus, Petitioner himself apparently views his February 23 letter as a sufficient presentation of his arguments. For these reasons, the Court finds that the parties' filings sufficiently brief the issues and that any procedural misstep in the order of presentation of the filings is *de minimis*.

2

Case 5:09-hc-02051-BO   Document 22   Filed 03/28/11   Page 2 of 8

an hour before the shooting occurred[3] (Pet. at ¶ 9.) Applying the holdings of *Wilson* and *Dandridge* to the facts of his case, Petitioner contends he is legally innocent of the conviction for which he is presently incarcerated. He argues, therefore, that this Court can and should grant him the Great Writ pursuant to 28 U.S.C. § 2241.

Respondent urges dismissal of the Petition. Respondent contends Petitioner has procedurally defaulted on the claim raised in the Petition since he failed to raise the claim on direct appeal in his criminal case. Additionally, Respondent contends, the *Williams II* case is no bar to dismissal of the instant Petition since *Williams II* "was a fact-specific decision that did not alter the general rule warranting dismissal of petitioner's habeas petition." Lastly, Respondent contends the holdings of *Wilson* and *Dandridge* are inapplicable to the instant case since Petitioner admitted at trial to carrying a pistol on his person, without a license, on at least two days prior to the day when he shot the decedent, Gerald McKinnon. Thus, Respondent concludes, *Wilson* and *Dandridge* are factually distinguishable from Petitioner's case and the holdings of those cases do not control here.

Having reviewed the documents filed by the parties, in conjunction with the relevant statutes and case law, it is the opinion of the Court that Congress has stripped federal courts of the power to adjudicate Craig's habeas corpus Petition. The Court will, accordingly, grant the Respondents' pending Motions to Dismiss, and Dismiss the Petition on jurisdictional grounds.

---

[3]The Court makes no finding as to Petitioner's interpretations of *Wilson* and *Dandridge*'s holdings nor does the Court attempt to apply those holdings to the facts of this case. As will be discussed, the Court lacks jurisdiction and any merits-based adjudication of Petitioner's claim would therefore be inappropriate.

3

## DISCUSSION

### II.

A. <u>The Court Lacks Jurisdiction To Adjudicate The Petition Pursuant to D.C. CODE §23-110</u>

Some historical and statutory background is necessary for a comprehensive treatment of Petitioner's claim, particularly with respect to its jurisdictional status. The local District of Columbia court system did not exist, as presently constituted, prior to 1970. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). In 1970, Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1970) ("DCCRCPA"), which created a bifurcated local and federal judicial system in the District. *Swain v. Pressley*, 430 U.S. 372, 375 (1977). Among other provisions, the DCCRCPA established a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in the District of Columbia Superior Court who wished to challenge their conviction or sentence. *See* D.C. CODE § 23-110; *Swain*, 430 U.S. at 375. The DCCRCPA made this habeas review, where available, <u>exclusive</u>, so that an appeal to the federal system was limited:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. CODE § 23-110(g).

Under this provision of the DCCRCPA, Congress has stripped Article III courts of jurisdiction over habeas petitions where a District of Columbia prisoner was entitled to or already received habeas review under section 23-110 in the Superior Court. The only exception to this jurisdiction stripping scheme is where the prisoner establishes that his section 23-110 habeas review

4

is either "inadequate or ineffective" to test the legality of his detention.[4] Under those circumstances, and only those circumstances, federal habeas review is proper. D.C. CODE § 23-110(g); *Swain*, 430 U.S. at 381.

Petitioner procedurally defaulted on the instant claim in the District of Columbia Superior Court, and this Court lacks the power to consider that claim any further. Petitioner argues he is legally innocent of the crime of carrying a firearm without a license pursuant to the D.C. Circuit cases *Wilson* and *Dandridge*. Petitioner raised the same claim in a prior section 23-110 proceeding and he was denied relief there. Apparently, the reviewing court dismissed Petitioner's claims because he failed to raise his *Wilson* and *Dandridge* arguments on direct appeal in the local District of Columbia court system (Pet. at p. 4, ¶ 13.) In essence, the Superior Court found that Petitioner's *Wilson* and *Dandridge* claim was procedurally defaulted and it denied Petitioner post-conviction relief on that basis (*Id.*)

Because the District of Columbia Superior Court already considered the claim raised in the instant Petition and denied relief, under D.C. CODE § 23-110(g), this Court (and any federal court, for that matter), lacks the power to adjudicate the instant Petition. *See* D.C. CODE § 23-110(g) ("An application for a writ of habeas corpus . . . shall not be entertained . . . by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section *or that the Superior Court has denied him relief*, unless it also appears that the remedy by motion is inadequate

---

[4]The Supreme Court has overwhelmingly upheld section 23-110(g)'s jurisdiction stripping scheme against claims that the statute violates the Suspension Clause, Art. I, § 9, cl. 2, of the Constitution. *Swain v. Pressley*, 430 U.S. 372, 381 (1977) ("[t]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."). The *Swain* Court specifically held that

5

or ineffective to test the legality of his detention.") (emphasis added).

1.     Section 23-110(g)'s Saving's Clause Does Not Confer Jurisdiction On The Court

The only lingering issue is whether the facts of this case trigger section 23-110(g)'s "savings clause."[5] The savings clause grants federal courts limited jurisdiction to consider a District of Columbia prisoner's habeas petition. To trigger the savings clause, the petitioner must show that his prior section 23-110 remedy was either "inadequate or ineffective" to test the legality of his detention. D.C. CODE §23-110(g); *Swain*, 430 U.S. at 381. Petitioner has not made such a showing, nor could he as a matter of law.

Petitioner presented his *Wilson* and *Dandridge* arguments in a prior section 23-110 habeas petition before the Superior Court (Pet. at p. 4, ¶ 13.) The Superior Court considered Petitioner's claim and determined that Petitioner had procedurally defaulted on it. But the Superior Court's mere denial of relief on procedural default grounds, however, does not make Petitioner's section 23-110 remedy inadequate or ineffective. *See, e.g., In re Vial*, 115 F.3d 1192, 1194, n.5 (4th Cir. 2000) ("[T]he remedy afforded by § 2255 [which is analogous to and coextensive with D.C. CODE § 23-110][6] is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, <u>or because an individual is procedurally barred from filing a § 2255 motion</u>.") (internal citations omitted) (emphasis added); *accord Garris v. Lindsay*, 794 F.2d 722, 726–27 (D.C. Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986). The saving's clause

---

[5]The clause granting jurisdiction to a federal court to hear a habeas corpus petition where the remedy afforded by D.C. CODE § 23-110 is "inadequate or ineffective" is generally referred to as the "savings clause" or "safety valve." *See, e.g., Blair-Bey*, 151 F.3d at 1042.

[6]*See Swain*, 430 U.S. at 381–82 (noting that "the scope of the remedy provided by [§] 23-110 is the same as that provided by [§] 2255. . .").

does not save Petitioner's claim in this case.

2. *Williams II Does Not Save The Petition From Dismissal*

The Court agrees with Respondent that the D.C. Circuit's decision in *Williams II* does not save the instant Petition from dismissal. *Williams II* was a fact-specific decision, holding that a habeas claim of <u>ineffective assistance of appellate counsel</u> may be brought in federal court pursuant to D.C. CODE § 23-110(g)'s savings clause. *Williams II*, 586 F.3d at 996 ("Because the D.C. Court of Appeals has held that challenges to the effectiveness of appellate counsel may not be brought pursuant to section 23-110, but must instead be raised through a motion to recall the mandate in that court, we hold that section 23-110 does not deprive federal courts of jurisdiction over habeas petitions alleging ineffective assistance of appellate counsel."). The *Williams II* Court held that because local law explicitly prohibits prisoners from asserting ineffective assistance of counsel claims in D.C. Superior Court under section 23-110(a), section 23-110(g)'s savings clause triggers federal jurisdiction for review of such claims. *Id.* *Williams II*'s holding does not control the instant case, however, since Petitioner has not raised a claim of ineffective assistance of appellate counsel. Instead, Petitioner attacks the judgment imposed by the Superior Court, and he requests that this Court grant him relief from that judgment. Nothing in *Williams II* disturbs the general rule laid down in D.C. Code § 23-110(g). That rule, as discussed above, precludes further consideration of Petitioner's *Wilson* and *Dandridge* claim. On these facts, *Williams II* provides no hook for this Court to assert jurisdiction over the instant Petition.

Unfortunately for Petitioner, the remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to the remedy prescribed under D.C. CODE § 23-110. *Cf. Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam), *cert. denied*, 377 U.S.

7

980 (1964) (holding that section 2255 review, which is similar in most respects to section 23-110 review, "*supplants* habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention") (emphasis added). Petitioner has taken at least one bite at the apple through his previous section 23-110 proceeding,[7] and he has failed to establish that those prior proceedings were inadequate or ineffective to test his incarceration. This Court is barred from addressing the issue any further. D.C. CODE § 23-110.

Accordingly, the Court concludes it has been divested of jurisdiction to consider the Petition and any further consideration of Petitioner's claim is barred as a matter of law. *See Ex Parte McCardle*, 74 U.S. 506, 512 (1868) ("The first question necessarily is that of jurisdiction; for, if [jurisdiction is lacking in this Court] it is useless, if not improper, to enter into any discussion of other questions.").

## CONCLUSION

### III.

For the foregoing reasons, Respondent's Motions to Dismiss [DE 12, 20] are GRANTED and the Petition is DISMISSED WITH PREJUDICE.

DONE and ORDERED, this ___ day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[7] The Court takes judicial notice of Petitioner's other attempts at post-conviction review in addition to his section 23-110 review in D.C. Superior Court. At least one of those attempts ended in the same way this one must–it was dismissed for lack of jurisdiction. *See Craig v. Snyder*, 2008 WL 684496 (D.D.C. Mar. 11, 2008) (unreported case) (denying Petitioner's 28 U.S.C. § 2254 petition on jurisdictional grounds).